THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-16-160-R |
| | ) | CIV-19-457-R |
| ZACHARY ANDREW SHAW, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is defendant Zachary Shaw's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc.No. 187).[1] Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Defendant seeks resentencing, asserting that his counsel during his plea and sentencing was constitutionally ineffective.

Defendant asserts three grounds for relief all premised on the alleged ineffective assistance of counsel. First Defendant argues that Counsel failed to understand the workings of the United States Sentencing Guidelines (U.S.S.G.) and as a result erroneously agreed with the Government at sentencing that the career offender provisions rendered the

---

[1] Defendant filed an initial motion under § 2255 and a brief in support in May 2019 (Doc.No. 166 and 167). The Court subsequently granted Defendant leave to amend or supplement his original motion, which he did via filing No. 187. The Court has reviewed all of the parties' submissions regarding the § 2255 motion, but for ease of reference will consider Doc.No. 187 as the primary motion in the case.

purity of the methamphetamine irrelevant. Defendant next argues that counsel was constitutionally ineffective because he failed to argue that the U.S.S.G. provisions on methamphetamine create a false disparity between mixed and actual methamphetamine. In his final contention, Defendant asserts that counsel failed to argue for specific performance of the plea agreement by the Government, because when he pled guilty he was unaware that the laboratory testing of the methamphetamine seized indicated it was more than 80% pure, which increased his guidelines range. He should have been sentenced using a base level offense of 32, not 36, because the indictment and superseding information to which he pled merely alleged that he possessed with the intent to distribute a "quantity of a mixture of substance containing a detectable amount of methamphetamine," not pure methamphetamine.[2]

The Sixth Amendment to the United States Constitution guarantees the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate both that: (1) counsel's representation fell below an objective standard of reasonableness; and, (2) the deficient performance prejudiced the defense. Id. at 687-88; *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). In other words, a defendant alleging ineffective assistance of counsel must show both "incompetence and prejudice." *Kimmelman*, 477 U.S. at 381. "Courts are free to address these two prongs in any order, and failure under either is dispositive." *United States v. Barrett*, 797 F.3d 1207, 1214 (10th Cir. 2015)(internal

---

[2] In noting Defendant's objection to the Presentence Investigation Report the probation officer noted that Defendant was correct in arguing that final offense level would be 29 not 32 if the Court agreed that he should be held accountable for mixed methamphetamine as opposed to pure. (Doc.No. 97, p. 34).

2

quotation marks and citation omitted). Under the first *Strickland* prong, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Judicial review of counsel's performance is "highly deferential," *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011), and Defendant must overcome the strong presumption that his counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Regarding the second *Strickland* prong, Defendant must demonstrate that counsel's alleged shortcomings prejudiced him, that is, that his performance was so prejudicial "there is a reasonable probability that, but for his unprofessional errors, the result of the proceeding would have been different." *See United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir.1997); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ('[I]f an increased prison term did flow from an error the petitioner has established *Strickland* prejudice'); *United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003) (same).

Defendant first contends counsel's lack of knowledge about the Sentencing Guidelines left him unable to argue effectively on behalf of Mr. Shaw. According to the Amended Presentence Investigation Report (Doc.No. 97) the advisory guidelines range for Defendant's sentence was 235 to 240 months utilizing the pure methamphetamine quantity and a base level of 36. This approach is consistent with the Drug Equivalence Tables, which treat actual methamphetamine and methamphetamine mixtures differently. *See* U.S.S.G. § 2D1.1 cmt. 10(D). The Guidelines provide that a defendant's advisory sentencing range

for methamphetamine distribution is to be calculated using whichever drug weight—actual or mixed—would produce the greater offense level.[3] See U.S.S.G. § 2D1.1(c)(B) ("In the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater.")." Although ultimately Defendant's sentence was based on pure methamphetamine, during the initial portion of the sentencing hearing the probation officer, government counsel and defense counsel all operated under the erroneous belief that purity was irrelevant in light of Defendant's career offender status. Defendant contends counsel was ineffective because he accepted the Government's erroneous argument that purity was not outcome determinative, and therefore failed to effectively argue against holding Defendant liable for pure methamphetamine even though Shaw had been charged with a mixture of methamphetamine and further because of the disparity in sentences for actual versus mixed methamphetamine.[4]

---

[3] The term[ ] . . . "Methamphetamine (actual)" refer[s] to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing PCP at 50% purity contains 5 grams of PCP (actual). In the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater.
U.S.S.G. § 2D1.1(c) Note B to Drug Quantity Tables.

[4] Counsel for the Government stated:
Your honor, if I could, I believe that the issue is that there are - - are two contravening issues. There's a question about whether or not he should be held responsible for the purity of the substance of which he was arrested. He pled guilty prior to receiving the lab reports. . . .
Doc.No. 188-2, p. 3. Thereafter there was discussion about the purity and whether the PSI was premised on pure or mixed, with both attorneys erroneously stating it was mixed. *Id.* at p. 4. That error was cleared up quickly, although the career offender confusion persisted for a short time longer. *Id.* p. 5.

It is clear from the transcript of sentencing that there was confusion by both parties and the probation officer about which guidelines would provide the greater sentence, pure methamphetamine or career offender status. Indeed, if the Court had not re-convened the sentencing after the sentence was initially administered, the outcome herein might well be different. However, after the Court imposed a below guidelines sentence of 163 months and terminated the hearing, counsel nearly immediately informed the Court that the sentence was not driven by Mr. Shaw's career offender status and that the purity of the methamphetamine was relevant. "The presentence report indicates that it's actual meth, or ice, but in fact, if it was not actual ice, the guidelines would be somewhat lower." (Doc. No. 188-2, p. 12). The Government, which bears the burden of establishing the quantity of the drugs by a preponderance of the evidence, *United States v.* Green, 175 F.3d 822, 836-37 (10th Cir. 1999), presented a lab report indicating that the methamphetamine recovered was 95% pure, warranting the higher guideline set forth in the PSR.

The Court finds no basis from review of the sentencing proceeding, in its entirety—including the additional portion conducted after counsel informed the Court of their error—to conclude that Defendant was prejudiced by any alleged deficiencies by counsel. Although defense counsel himself did not correct misinformation regarding the issue of whether purity of the methamphetamine was outcome determinative, the issue was resolved and upon consideration of the issue the Court imposed the same sentence. The Court disagrees with Defendant's contention that counsel lacked the necessary skill to argue objections to the presentence investigation report regarding the appropriate sentence; Defendant's first claim for relief under *Strickland* is denied.

Defendant's second contention that counsel was constitutionally ineffective is premised on counsel's failure to argue a judicially recognized and accepted policy disagreement with the sentencing guidelines, specifically the greater sentence for pure versus mixed methamphetamine. The Court acknowledges that counsel could have raised the issue and had counsel done so, the Court would have been required to consider the disparity as one of the factors in setting Defendant's sentence. *See United States v. Davis*, 599 F. App'x 815, 821 (10th Cir. 2013). However, nothing mandates that counsel make such an argument. *See Rocha-Chacon v. United* States, No. CV-19-00079-TUC-RM, 2019 WL 4976995, *3 (D. Ariz. Oct. 8, 2019)(noting the lack of any authority requiring defense counsel to argue the possibility of a policy disagreement with the guidelines) Indeed, the Court would have been free to disregard the 10:1 disparity of sentencing between pure methamphetamine and mixed methamphetamine and to vary downward on that basis in calculating a sentence that is no greater than necessary to serve the objectives of sentencing. *See United States v. Pereda*, No. 18-cr-00228-CMA, 2019 WL 463027 (D. Colo. Feb. 6, 2019); *United States v. Johnson*, 379 F. Supp. 3d 1213 (M.D. Ala. May 9, 2019); *United States v. Bean*, 371 F. Supp. 3d 46 (D.N.H. Mar. 1, 2019). Indeed, the Government mentioned the issue at sentencing when it did not object to a below-guidelines sentence premised in part on the disparity in methamphetamine guidelines and due to Defendant's cooperation with prosecutors. (Doc. No. 188-2, p. 9).

The shortcoming here with Defendant's argument on ineffective assistance of counsel here is that even if counsel had raised the issue more clearly, the Court would not have imposed a different sentence and Defendant therefore cannot establish prejudice In

6

*Kimbrough v. United States*, 552 U.S. 85, 101 (2007), the Supreme Court held that a district court may deviate from the guidelines in a crack cocaine case because, at the time, the crack/powder disparity might have yielded a sentence greater than necessary to achieve the goals of § 3553(a). The Court, however, is not required to do so, it is an issue within the Court's discretion. Having revisited Defendant's sentencing in the course of reviewing his motion, the Court finds no basis to depart downward from the sentence it imposed based on the perceived disparity in the actual and mixed methamphetamine sentencing guidelines. As a result, Defendant cannot establish prejudice from counsel's failure to raise the issue, and accordingly, he is not entitled to § 2255 relief.

In his third claim, Defendant argues counsel was ineffective because he failed to object to sentencing Defendant under guidelines applicable to actual methamphetamine versus the mixture which was pled in the indictment, which amounted to a breach of the plea agreement. The Court concludes that counsel was not constitutionally ineffective in failing to raise the issue, because the plea agreement did not provide a basis for calculating Defendant's sentence premised on either mixed or pure methamphetamine. Rather, Defendant acknowledged at the change of plea hearing and was informed via the Plea Agreement that the maximum sentence for violation of § 841(a)91) was twenty years imprisonment.[5] The plea agreement does not specify a quantity of drug involved or the purity nor did the government stipulate to any such facts. *See, e.g., United States v. Edgell*, 914 F.3d 281 (4th Cir. 2019)(cited by Defendant at Doc.No. 191). Defendant acknowledged

---

[5] Defendant pled guilty to violating 21 U.S.C. § 841(a)(1) in a Superseding Information; in exchange for his plea the Government dismissed a three-count Indictment against Mr. Shaw, including charges of conspiracy and possession with intent to distribute marijuana.

in his plea agreement that the sentencing guidelines, although advisory, would be considered in evaluating his sentence, which would be in the exclusive control of the Court. *See United States v. Lambert*, No. 04-40102-01-SAC, 2006 WL 897592, at *1–2 (D. Kan. Mar. 9, 2006)(overruling objections to the pre-sentence report premised on the defendant being held accountable for pure versus mixed methamphetamine). The court in *United States v. Davis*, 628 F. App'x 619 (10th Cir. 2016), rejected a contention by Davis that he was indicted for a mixture but improperly sentenced for pure methamphetamine as "wholly without merit." *Id.* at 621.

> The Guidelines *dictate* that a defendant's advisory guidelines range for methamphetamine distribution is to be calculated using whichever drug weight—actual or mixed—would produce the greater offense level.

*Id.* This is not a case like *Edgell* where the Government agreed to limit its request to a particular range of sentences or otherwise stipulated to relevant facts, nor where the Court improperly calculated the guidelines range.[6] Defendant's third ground for relief provides no basis for § 2255 relief because the Government did not breach the plea agreement and therefore counsel was not ineffective for failing to raise the argument.

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific

---

[6] Defendant contends the United States was aware of and failed to inform him prior to the entry of his guilty plea that the methamphetamine at issue had tested as 95% pure although he cites no authority that required the Government to reveal this information to him.

issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability is hereby denied.

For the reasons set forth herein, Defendant's Motion to Vacate and Amended Motion to Vacate (Doc.No. 181 and 187) are DENIED.

**IT IS SO ORDERED** this 23rd day of December 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE